IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONY JEFFERSON                                                                   PLAINTIFFS

VS.                            4:16-CV-00649-BRW

MATT RICE, Faulkner County Sheriff, *et al.*                                      DEFENDANTS

ORDER

Plaintiff, an inmate in the Arkansas Department of Correction, filed his Complaint *pro se* under 42 U.S.C. § 1983.[1] He also submitted an application for leave to proceed *in forma pauperis*.[2] Based on the documentation provided Plaintiff, the request to proceed *in forma pauperis* (Doc. No. 1) is GRANTED. However, for the reasons set out below, the case is DISMISSED.

I.   *IN FORMA PAUPERIS* APPLICATION

Prisoners who are allowed to file civil actions *in forma pauperis* still must pay a $350.00 filing fee.[1] If a prisoner cannot afford to pay the filing fee in a lump sum, money is withdrawn from his prison trust fund accounts in monthly installments.[2]

Based on Plaintiff's calculation sheet, he is able to make an initial payment of $8.23, and is directed to do so. Additionally, Plaintiff's present custodian is directed to collect, and send to the Clerk of the Court, monthly installments equal to 20% of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00,

---

[1] Doc. No. 2.

[2] Doc. No. 1.

[1] 28 U.S.C. §1915(b)(1).

[2] 28 U.S.C. § 1915(b)(1)-(2).

1

until the $350 filing fee is fully paid.³  All payments should be clearly identified by the name and number assigned to this case.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612; and the North Central Unit, Arkansas Department of Correction, 10 Prison Circle, Calico Rock, AR 72519.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.⁴  In these types of cases, a court must summarily dismiss all claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such liability.⁵

Plaintiff's complaint reads:

> The public trial judge acted in concert and conspiracy along with the trial judge and even my own counsel, and all other authorities with failing to follow procedures which landed me inside the walls of this prison and even held me two extra days in the county jail after the judge released me.  It is clearly established that procedures are to be followed in acknowledging my constitutional rights.  These actions and inaction are more than just mere fraud, it's a violation of the law.⁶

The named Defendants are Matt Rice (the Faulkner County Sheriff), Courtny Cato (the Faulkner County Prosecutor), and John Randle (the Faulkner County Jail Administrator).  None

---

³28 U.S.C. § 1915(b)(1)-(2).

⁴28 U.S.C. § 1915A(a).

⁵28 U.S.C. § 1915A(b).

⁶Doc. No. 2.

of Plaintiff's allegations state a claim for which relief can be granted. In fact, his complaint fails to allege that the jail administrator and sheriff did anything to violate his constitution rights. Additionally, his claims either seek monetary relief from parties immune from liability[7] or are *Heck*-barred.[8]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED. However, this case is DISMISSED, with prejudice for failure to state a claim. The Court certifies that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith. Additionally, this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 27th day of September, 2016.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7] *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."); *Patterson v. Von Riesen*, 999 F.2d 1235, 1238-39 (8th Cir. 1993) (holding that "parole board members are absolutely immune from suit when considering and deciding parole questions"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties").

[8] *Heck v. Humphrey*, 512 U.S. 477 (1994) (claim for damages that necessarily implies invalidity of conviction or sentence is not cognizable under § 1983 until conviction or sentence has been invalidated).